CONDON PAXOS PLLC
Brian K. Condon, Esq.
55 Old Turnpike Road, Suite 502
Nanuet, NY 10954
Telephone: (845) 627-8500
Email: Brian@CondonPaxos.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH DAHAN,

                                 Case No.

            Plaintiff,

        -against-                       VERIFIED COMPLAINT

VILLAGE OF ATLANTIC BEACH and
VINCENT AMOROSO, INDIVIDUALLY AND      JURY TRIAL DEMANDED
IN HIS CAPACITY AS BUILDING INSPECTOR
FOR THE VILLAGE OF ATLANTIC BEACH,

           Defendants.
-------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, JOSEPH DAHAN, by and through his attorneys, CONDON PAXOS, PLLC,

hereby files this Verified Complaint against Defendants Village of Atlantic Beach (the

"Village") and Vincent Amoroso, individually and in his capacity as Building Inspector for the

Village of Atlantic Beach (collectively, Defendants) alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action brought pursuant to 42 U.S.C. §1983 and the New

York State Human Rights Law, seeking redress for Defendants' unlawful discrimination against

Plaintiff on the basis of his Jewish faith and identity.

1

2.	Defendants have engaged in a pattern of discriminatory enforcement of zoning and building codes against Plaintiff and other Jewish residents of the Village of Atlantic Beach, while non-Jewish residents have been treated more favorably under similar circumstances.

3.	Defendants' discriminatory conduct has violated Plaintiff's constitutional rights under the First Amendment to the United States Constitution, including his right to free exercise of religion and religious expression, as well as his rights to equal protection and due process under the Fourteenth Amendment.

4.	Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages against the individual Defendants, and attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**JURISDICTION AND VENUE**

5.	This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws and Constitution of the United States, and 28 U.S.C. §1343(a)(3) and (4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6.	This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), as these claims are so related to the federal claims that they form part of the same case or controversy.

7.	Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b), as all Defendants reside within this judicial district and as substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

2

**PARTIES**

8.      Plaintiff Joseph Dahan is a natural person and a citizen of the State of New York. at all relevant times, Plaintiff has been a resident of the Village of Atlantic Beach, New York, with an address of 177 Albany Boulevard, Atlantic Beach, New York 11509.   Plaintiff is Jewish and actively practices his faith.

9.      Defendant Village of Atlantic Beach is a municipal corporation organized and existing under the laws of the State of New York, with its principal place of business located at 65 The Plaza, Atlantic Beach, New York 11509. The Village is a "person" within the meaning of 42 U.S.C. §1983 and was acting under color of state law at all times relevant to this Complaint.

10.      Defendant Vincent Amoroso is the Building Inspector for the Village of Atlantic Beach and is a natural person and, upon information and belief, citizen of the State of New York. At all relevant times, these Defendants were employees, officials, or agents of the Village of Atlantic Beach, acting under color of state law and within the scope of his employment or agency.   This Defendant is sued in both his individual and official capacities.

**STATEMENT OF FACTS**

11.      On January 7, 2021, Plaintiff, through his solely owned entity, 177 Albany LLC, purchased the real property located at 177 Albany Boulevard, Atlantic Beach, New York 11509 (the "Property").

12.      Later in 2021, Chabad Lubavitch of the Beaches ("Chabad"), a New York-based religious nonprofit organization, acquired a long-vacant commercial property within the Village of Atlantic Beach (the "Village") for use as a center for Jewish worship, outreach and education.

13.      In December 2021, Chabad publicly celebrated its acquisition of the property by holding a Hanukkah celebration.

3

14.    Within days of that Hanukkah celebration, the Village announced plans to seize Chabad's property through the exercise of eminent domain.

15.    Chabad obtained a federal court injunction enjoining the Village from proceeding with the attempted taking.

16.    During discovery in that federal action, Chabad obtained evidence demonstrating antisemitic animus among senior officials and leadership of the Village.

17.    Village officials freely and repeatedly expressed antisemitic sentiments, including statements that Orthodox Jews were "buying the world", "procreate too much", and "don't tip".

18.    A senior Village official stated that "most people don't want the Chabad and just don't want to say it.   Any secular Jew doesn't want them," to which the then-Mayor responded, "very true".

19.    A senior Village land use official stated that the Village should "string an Eruv around the village with Xmas lights" in order to "keep Chabad out of the Village."

20.    During this same period, Plaintiff - a practicing Jew - was seeking Certificates of Occupancy for his properties within the Village from the same officials who expressed the foregoing antisemitic animus.

21.    Plaintiff has made continuous, diligent, and good-faith efforts to obtain a Certificate of Occupancy from the Village, but no Certificate of Occupancy has been issued due to the Village's discriminatory animus toward Plaintiff.

22.    Plaintiff retained licensed professionals to perform construction work and to assist with permitting, inspections, and approval for interior exterior work at the Property.

23.    One such professional was Mr. Myles Kosta from 3KC Inc. and American Way Contracting.

4

24.     Mr. Kosta repeatedly submitted finalized lists of outstanding items to the Village, including to Vincent Amoroso, the Village's Building Inspector.

25.     Rather than approving the completed work and issuing a Certificate of Occupancy, Mr. Amoroso repeatedly responded by issuing new and additional lists of purported deficiencies after prior items had already been addressed.

26.     Plaintiff's construction project commenced in or about 2024, and despite full compliance with all identified requirements, the Village and Mr. Amoroso have refused to issue the Certificate of Occupancy.

27.     For months, Plaintiff and Mr. Kosta placed repeated telephone calls to the Village Building Department seeking to schedule final inspections, but those calls went unanswered.

28.     Mr. Kosta complained directly to Mr. Amoroso regarding the lack of responsiveness, but the Village's conduct did not change.

29.     During this period, Village residents informed Plaintiff that "Vincent [Amoroso] hates you", with specific references to Plaintiff's Jewish faith.

30.     After months of delay, the Village scheduled a so-called "pre-final inspection" in May, 2025.

31.     During that inspection, the Village identified new alleged violations and issued a violation notice, despite Plaintiff's prior completion of all requested items.

32.     On June 5, 2025, Mr. Kosta emailed Mr. Amoroso stating that the conduct of the Building Department appeared to reflect a "personal vendetta" against Plaintiff.

33.     In that same email, Mr. Kosta documented that no one in the Building Department answered phone calls, that weeks would pass without responses, and that it was impossible to proceed under such conditions.

5

34. In response, Mr. Amoroso admitted in writing that he had inspected Plaintiff's property "three times more" than any other project in the Village.

35. Later in June, 2025, Mr. Kosta advised Mr. Amoroso that the delays caused by the Village resulted in new issues "popping up" solely because of the prolonged and unnecessary inspection process.

36. In a June 25, 2025 e-mail, Mr. Kosta advised that all items identified as incomplete had in fact been completed for weeks.

37. Despite Plaintiff's request, the Village refused to issue even a temporary Certificate of Occupancy.

38. On July 2, 2025, Mr. Kosta again advised Mr. Amoroso that all items on the list had been confirmed as completed.

39. That same day, Mr. Amoroso responded that a final inspection would need to be scheduled in order to issue the Certificate of Occupancy.

40. Despite that representation, the Village had never conducted a final inspection of Plaintiff's Property.

41. On July 25, 2025, the Village repaved Bay Boulevard but deliberately stopped paving directly in front of Plaintiff's personal residence at 1990 Bay Boulevard.

42. The paving crew informed Plaintiff that they were instructed to end the paving at Plaintiff's property line.

43. During Plaintiff's ongoing efforts to obtain a Certificate of Occupancy, the Village also imposed a punitive and disproportionately increase in Plaintiff's property taxes compared to similarly situated Village residents.

44.     Instead of issuing a Certificate of Occupancy or scheduling a final inspection, the Village issued additional violations against Plaintiff for alleged non-compliance.

45.     On August 29, 2025, Plaintiff, through counsel, sent a letter to the Village Attorney detailing these concerns, and the Village has failed and refused to respond.

46.     Upon information and belief, the Chabad settled its federal action with the Village in or about July, 2025.

47.     Notwithstanding that settlement, the Village continues to treat Jewish residents, including Plaintiff, differently and less favorably than non-Jewish residents.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### (AGAINST ALL DEFENDANTS)

48.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     At all relevant times, Defendants were acting under color of state law.

50.     By engaging in the aforementioned acts and omissions, Defendants have deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to:

    a.     His right to free exercise of religion and religious expression under the First Amendment;
    b.     His right to equal protection of the laws under the Fourth Amendment; and
    c.     His right to due process of law under the Fourteenth Amendment.

51.     Defendants' discriminatory enforcement of zoning and building codes against Plaintiff for his Jewish identity constitutes impermissible religious discrimination in violation of the First Amendment's Free Exercise Clause, which prohibits government

7

officials from targeting religious practices or imposing special disabilities on the basis of religious status.

52. Defendants' selective enforcement of zoning and building codes against Plaintiff while treating similarly situated non-Jewish residents more favorably constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment.

53. Defendant Village of Atlantic Beach is liable for the constitutional violations committed by its officials, employees, and agents pursuant to an official policy, practice, or custom of religious discrimination against Jewish residents, including the discriminatory enforcement of zoning and building codes.

54. Alternatively, Defendant Village of Atlantic Beach is liable for the constitutional violations committed by its officials, employees, and agents because these violations were caused by the Village's failure to adequately train, supervise, and discipline its employees regarding constitutional requirements prohibiting religious discrimination.

55. The individual Defendant is liable for their direct participation in the constitutional violations alleged herein.

56. As a direct and proximate result of Defendants' violations of Plaintiffs' constitutional rights, Plaintiff has suffered and continues to suffer damages, including but not limited to financial losses, emotional distress, humiliation and mental anguish.

## COUNT II

### VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
### (AGAINST ALL DEFENDANTS)

57. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

8

58.     The New York State Human Rights Law, Executive Law Article 15, prohibits discrimination on the basis of religion in places of public accommodation and in the provision of public services.

59.     Defendants' discriminatory enforcement of zoning and building codes against Plaintiff because of his Jewish identity constitutes unlawful discrimination on the basis of religion in violation of the New York State Human Rights Law.

60.     Defendants' conduct was willful, wanton, and malicious, and demonstrated a high degree of moral culpability, warranting the imposition of punitive damages against the individual Defendants.

61.     As a direct and proximate result of Defendants' violations of New York State Human Rights Law, Plaintiff has suffered and continues to suffer damages, including but not limited to financial losses, emotional distress, humiliation and mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

a.     A declaration that Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the New York State Human Rights Law;

b.     A permanent injunction ordering Defendants to cease all discriminatory practices against Plaintiff and other Jewish residents of the Village of Atlantic Beach, and to treat Plaintiff equally with respect to the enforcement of zoning and building codes;

c.     Compensatory damages in an amount to be determined at trial, but not less than $10,000,000, for Plaintiff's financial losses, emotional harm, humiliation and mental anguish;

d.     Punitive damages against the individual Defendant in an amount to be determined at trial, but sufficient to punish Defendants for their willful, malicious and reckless conduct and to deter similar conduct in the future;

9

e. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law;

f. Pre-judgment and post-judgment interest to the extent permitted by law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Nanuet, New York
January 6, 2025

Yours, etc.

CONDON PAXOS PLLC

By: *Brian K. Condon*
Brian K. Condon
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500
*Attorneys for Plaintiff, Joseph Dahan*

**VERIFICATION**

I, Joseph Dahan, hereby affirms for religious reasons:

I am the Plaintiff in the above entitled action.  I have read the foregoing Verified Complaint and know the contents thereof.  The same is true to my own knowledge, except as to matters therein stated to be alleged on the information and belief, and as to those matters, I believe them to be true.

_Joseph Dahan_

Joseph Dahan

Sworn to before me this
8ᵗʰ day of January, 2026

_Notary Public_

Notary Public

BRIAN K. CONDON
Notary Public, State of New York
No. 02CO6001956
Qualified in ROCKLAND County
Commission Expires FEB. 2, 20 26